# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: TARA R. SANDERS                              CASE NO: 20-11814
        DEBTOR                                                       CHAPTER 7

## RESPONSE TO MOTION TO CONVERT

**COMES NOW** the Chapter 7 Trustee ("Trustee") and files this Response to Motion to Convert and states as follows:

1. Debtor filed this case on May 14, 2020, by filing a Chapter 7 Voluntary Petition and Schedules with this Court.

2. The undersigned was appointed as the Chapter 7 Case Trustee for this case.

3. On Schedule A/B debtor states that she does not own or have any legal or equitable interest in any deposits of money. *See Doc. 1, page 12.*

4. Debtor's original 341 Meeting of Creditors was scheduled for June 5, 2020, at 2:00 p.m.

5. On June 5, 2020, Trustee called debtor's case and asked debtor if she had any bank accounts on the day the case was filed. She replied that she did and that she and her attorney would provide bank statements for the 60 days leading up to and including the day the case was filed. The 341 meeting was continued to July 1, 2020, to allow time for those bank statements to be provided.

6. On July 1, 2020, debtor's case was called. Unfortunately, debtor still had not provided those bank statements. The 341 meeting was once again continued to August 7, 2020.

7. On August 7, 2020, debtor's case was called and her 341 meeting was finally called. After swearing debtor in she was questioned by the Trustee. Debtor stated under oath that her schedules were true and correct to the best of her knowledge and that all of her assets were listed in the schedules.

8. After the Trustee specifically mentioned the bank account she stated that she did actually have a bank account on the day of filing with a balance of $4,908.57.

9. The Trustee continued the meeting over to September 4, 2020, giving debtor time to turnover the funds in the bank account.

10. On August 7, 2020, instead of turning over the non-exempt funds that are property of the estate, debtor filed amended Schedules A/B and C. Debtor's amended Schedule A/B finally disclosed the bank account and the amended Schedule C claimed $3,000.00 of the funds in the bank account exempt under Miss. Code Ann. §85-3-1(a), which does not apply to funds in a bank account.

11. On August 28, 2020, debtor again amended her Schedule C, this time to claim the entire balance in the bank account exempt pursuant to Miss. Code Ann. §85-3-1(a).

12. The Trustee filed an Objection to Debtor's Claim of Exemptions and Motion to Compel Turnover on August 31, 2020. The next day on September 1, 2020, debtor filed this Motion to Convert Case to Chapter 13.

13. There is no absolute right to convert a case from Chapter 7 to Chapter 13. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007). In *Marrama* the

United States Supreme Court states, "bankruptcy judges' broad authority to take necessary or appropriate action 'to prevent an abuse of process' described in Code § 105(a) is adequate to authorize an immediate denial of a § 706 motion to convert in lieu of a conversion order that merely postpones the allowance of equivalent relief and may give a debtor an opportunity to take action prejudicial to creditors." *Id.* at 366.

14. In that case the Supreme Court upheld the denial of debtor's request to convert from Chapter 7 to Chapter 13 after it was determined debtor had misrepresented the value of certain real property and stated he had not transferred the property during the preceding year.

15. Here debtor completely failed to disclose her bank account and, once it was discovered, is now attempting to retain the property by converting her case to a Chapter 13.

**WHEREFORE,** the trustee prays that, after considering the above circumstances and any further testimony at a hearing, this Court deny the debtor's Motion to Convert.

**RESPECTFULLY** submitted, this the 22nd day of September 2020.

                                                              /s/William L. Fava
                                                  WILLIAM L. FAVA (MSB# 101348)
                                                  Chapter 7 Trustee

P.O. Box 783
Southaven, MS  38671
(662) 536-1116

## **CERTIFICATE OF SERVICE**

I, William L. Fava, Chapter 7 Trustee, do hereby certify that I have this day mailed a true and correct copy of the above Response to Motion to Convert to the following:

> U.S. Trustee
> Via ECF at [USTPRegion05.AB.ECF@usdoj.gov](mailto:USTPRegion05.AB.ECF@usdoj.gov)

> Bryant D. Guy – attorney for debtor
> Via ECF

DATED: September 22, 2020

                                                /s/William L. Fava
                                                WILLIAM L. FAVA
                                                Chapter 7 Trustee

P.O. Box 783
Southaven, MS  38671
(662) 536-1116